**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DALLAS LEON THOMPSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No. 06-CV-0153-CVE-SAJ** |
| | ) |
| **JAY BLACKFOX, Sheriff;** | ) |
| **STACY POOL, Jail Administrator,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

On March 13, 2006, Plaintiff, a *pro se* prisoner, filed this 42 U.S.C. § 1983 civil rights action. In his complaint (Dkt. # 1), Plaintiff claimed he had received inadequate medical care while incarcerated at the Delaware County Jail. By Order filed May 12, 2006 (Dkt. # 8), the Court directed service of process by the United States Marshal.[1]  On July 17, 2006, Defendants filed a motion to dismiss (Dkt. # 12) based on Plaintiff's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA").  Defendants also filed a Special Report (Dkt. # 13). Plaintiff failed to file a response in opposition to the motion to dismiss. On September 27, 2006, Defendants filed a motion to deem their motion to dismiss confessed (Dkt. # 14).  Defendants filed a second motion to deem confessed on October 4, 2006 (Dkt. # 15).  By Order filed October 12, 2006 (Dkt. # 17), the Court, in reliance on the date of the first motion to deem confessed, granted Defendants' motion to dismiss based on Plaintiff's failure to respond to the motion to dismiss.  The Court further found that Defendants' argument supporting their request for dismissal of the

---

[1]On May 22, 2006, Plaintiff's copy of the Order directing service was returned, marked "Attempted, Not known."

complaint was well taken.  The complaint was dismissed without prejudice.  See Dkt. # 17.

Judgment (Dkt. # 18) was entered in favor of Defendants on October 12, 2006.

On October 17, 2006, Plaintiff filed a notice of change of address (Dkt. # 19) and a

"supporting brief" (Dkt. # 20).  Since Plaintiff had failed to keep the Court apprised of his mailing

address, the Clerk of Court resent copies of the Order dismissing the compliant and Judgment to the

new address provided by Plaintiff.  On October 20, 2006, apparently still unaware that his complaint

had been dismissed, Plaintiff filed motions for an evidentiary hearing (Dkt. # 21) and for

appointment of counsel (Dkt. # 22).  Defendants filed a response in opposition to the motion for

evidentiary hearing (Dkt. # 25).

On November 15, 2006, Plaintiff filed a pleading entitled "Appeal," requesting the Court to

reconsider its order of dismissal.[2]  In that pleading, Plaintiff indicates he was released from custody

in May 2006, and was returned to custody on October 8, 2006.[3]  He focuses the basis of his request

for reconsideration on complaints about the handling of his mail by officials at the Delaware County

Jail, alleging that he did not file responsive pleadings because the jail failed to forward his mail after

he was released. However, he offers no explanation for his own failure to notify the Court promptly

of his change of address as required by the Local Rules of this Court.  See LCvR5.5(a).  Of greater

significance, Plaintiff makes no effort to address the basis of the Court's ruling on Defendants'

motion to dismiss, i.e., that he failed to demonstrate that he exhausted administrative remedies prior

---

[2]Plaintiff's pleading titled "Appeal" fails to satisfy even the minimum requirements of a "Notice of Appeal" as defined by Rule 3(c), Federal Rules of Appellate Procedure.  As a result, the pleading cannot be considered a notice of appeal to the Tenth Circuit Court of Appeals.

[3]The Court notes that Plaintiff has again failed to file a notice of change of address reflecting his return to custody at the Delaware County Jail.

to filing his civil rights complaint.  Based on Plaintiff's allegations in his pleading entitled "Appeal," the Court finds no basis for reconsidering the Order of dismissal.  Therefore, his request for reconsideration shall be denied.  The Court further finds that since the complaint has been dismissed, Plaintiff's motions for hearing and for appointment of counsel shall be denied.

As indicated above, the basis for the Court's dismissal of the complaint was Plaintiff's failure to demonstrate that he exhausted administrative remedies prior to filing the complaint.  Plaintiff is advised that pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  This provision applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  Moreover, exhaustion of administrative remedies under the PLRA is required for all inmates seeking relief in federal district court regardless of the type of relief available under the institutional administrative procedure.  Woodford v. Ngo, 126 S.Ct. 2378 (2006); Booth v. Churner, 532 U.S. 731, 741 (2001).

Section 1997e(a) "imposes a pleading requirement on the prisoner," who must "(1) plead his claims with 'a short and plain statement . . . showing that [he] is entitled to relief,' in compliance with Fed. R. Civ. P. 8(a)(2), and (2) 'attach[] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.'"  Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003) (quotation omitted).  "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be

3

dismissed under § 1997e." Id. (quotation omitted). The "PLRA contains a total exhaustion requirement" and "the presence of unexhausted claims in [a] complaint" requires the dismissal of the complaint in its entirety without prejudice. Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004). The statutory exhaustion requirement is mandatory, and this Court is not authorized to dispense with it. See Beaudry v. Corr. Corp. of America, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). There is no futility exception to § 1997e(a)'s exhaustion requirement. Booth, 532 U.S. at 741 n. 6 ("[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

In the Order of dismissal, the Court found meritorious Defendants' allegation that Plaintiff failed to carry his burden of pleading that he exhausted administrative remedies available at the Delaware County Jail for the claims raised in this complaint. Plaintiff failed to either attach a copy of the applicable administrative dispositions to his complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. Should Plaintiff be able to offer evidence of exhaustion not submitted as part of his complaint, or alternatively, offer evidence that there was no administrative procedure available in the jail for him to exhaust or that he was somehow prevented from utilizing whatever procedure was available, he may file, within twenty (20) days of the entry of this Order, a response to Defendants' motion to dismiss demonstrating that he exhausted administrative remedies for each of his claims prior to filing his complaint. Plaintiff is reminded that he is required to send a copy of any pleading filed with the Court to counsel for Defendants. Fed. R. Civ. P. 5(a); LCvR5.5(b). Should Plaintiff file a response, Defendants may file a reply within twenty (20) days of the filing of the response. The

4

Court will then consider whether this matter should be reopened. Should Plaintiff fail to file a response, this matter will remain closed.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.      Plaintiff's motion to reconsider (Dkt. # 26) is **denied**.

2.      Plaintiff's motions for hearing (Dkt. # 21) and for appointment of counsel (Dkt. # 22) are **denied**.

3.      Within twenty (20) days of the entry of this Order, or by December 18, 2006, Plaintiff may file a response to Defendants' motion to dismiss should he be able to offer evidence of exhaustion not submitted as part of his complaint, or alternatively, offer evidence that there was no administrative procedure available in the jail for him to exhaust or that he was somehow prevented from utilizing whatever procedure was available.

4.      The Clerk of Court shall send Plaintiff a copy of Defendants' motion to dismiss (Dkt. # 14) and a copy of the Special Report (Dkt. # 13).

5.      Should Plaintiff file a response, Defendants may file a reply within twenty (20) days of the filing of the response.

6.      Should Plaintiff fail to file a response by the above-referenced deadline, this matter shall remain closed.

**DATED** this 27th day of November, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT